Maywood Trust & Savings Bank v. Marshall, 190 Ill. App. 27.

---

Maywood Trust & Savings Bank, Appellee, v. Margaret B. Marshall, Appellant.

### Gen. No. 20,265. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

### Statement of the Case.

Trial of right of property by Margaret B. Marshall against Maywood Trust & Savings Bank, which held the property under a writ of attachment. In the justice court a decision was entered adverse to plaintiff, when she took an appeal to the Circuit Court. From a finding in favor of the attaching creditor, plaintiff appeals.

The only testimony was that of defendant, who testified concerning the transaction of the chattel mort-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

gage from Hiram Brown and wife; in the mortgage the furniture was described as in apartment "D-1, 404 South Ashland Blvd., Chicago, Cook County, Illinois." Subsequently the Browns left this apartment and went away. It was not known where. Plaintiff afterwards received a writing signed by Hiram Brown, addressed: "To whom it may concern," purporting to give authority to "Messrs. Marshall & Co." to gain possession of such furniture "as they are entitled to under the terms of a chattel mortgage." Afterwards she was notified by one W. L. Barth that he had been directed by "the Browns to turn over certain effects" covered by a chattel mortgage she had. She went to Mr. Barth's house and found there some articles of ordinary household furniture. She left them there, taking away only a picture, which was not levied upon by the attachment writ. She further testified that "I do not know of my own knowledge that the articles found at Mr. Barth's house in Maywood which I have described are the same articles described in the mortgage as contained in 'Apt. D-1' of 404 So. Ashland Blvd. I never saw them before I went to Mr. Barth's house."

EMERY S. WALKER, for appellant.

ODE L. RANKIN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CHATTEL MORTGAGES, § 209*—*when evidence insufficient to identify property.* Where a chattel mortgage covering ordinary household furniture described the furniture as in a certain apartment upon a certain street and the mortgagee testified that she did not know of her own knowledge that the articles in question

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

were the articles described in her chattel mortgage as contained in the apartment so described, the evidence is *held* insufficient to establish her right of property in the furniture in question which had been seized under an attachment writ.

2. CHATTEL MORTGAGES, § 210*—*burden of proof.* Where a right of property in certain household furniture, held under an attachment writ, is ·set up by the holder of a chattel mortgage, it is incumbent upon such mortgagee to prove that the furniture in question is the same furniture as that covered by the chattel mortgage.

3. CHATTEL MORTGAGES, § ˙209*—*effect of failure of mortgagee to show interest in property.* Where a mortgagee sets up a right of property in chattels taken under an attachment writ, it is of no concern of the mortgagee as to who is awarded title in the property, so long as the claim under the chattel mortgage is denied for insufficient identification of the property in question.